UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

DEAN L. SHIFF, individually and on behalf of all others similarly situated,

        Plaintiff,

vs.

CANTERBURY PARK HOLDING CORPORATION, a Minnesota corporation, d/b/a CANTERBURY PARK,

        Defendant.

Civil Action No.:_____
**CLASS ACTION**

**JURY TRIAL DEMANDED**

_____

## COMPLAINT
_____

### PRELIMINARY STATEMENT

1. This action arises out of the Defendant's violation of the Electronic Fund Transfer Act, 15 U.S.C. §1693 *et seq.* and Regulation E, 12 C.F.R. §205.1 *et seq.* (collectively, "EFTA"). Plaintiff brings this action on behalf of himself and a class of all persons who were charged a transaction fee by Defendant, which was not posted on the Defendant's automated teller machine ("ATM") located at 1100 Canterbury Road, Shakopee, Minnesota 55379. Plaintiff seeks actual and statutory damages, costs and attorney fees.

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* and Regulation E, 12 C.F.R. §205.1 *et seq*.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Specifically, the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

4. Plaintiff, Dean L. Shiff (hereinafter "Plaintiff") is a natural person who resides in the State of Minnesota.

5. Defendant, Canterbury Park Holding Corporation, a Minnesota corporation, d/b/a CANTERBURY PARK (hereinafter "Defendant") is a company headquartered in Shakopee, operating from a registered address of 1100 Canterbury Road, Shakopee, Minnesota 55379. Defendant, to the best of Plaintiff's knowledge and belief, is the custodian and or operator of an automated teller machine located at 1100 Canterbury Road, Shakopee, Minnesota 55379. Local is an ATM operator as defined in 12 C.F.R. § 205.16.

## CLASS ACTION FACTUAL ALLEGATIONS

6. The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

7. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) requires an ATM operator disclose (a) on the ATM (via placard/sticker) that a fee will be imposed and (b) on the ATM screen that a fee will be imposed and the amount of such a fee.

8. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

9. On July 22, 2010 Plaintiff used Defendant's ATM located inside Defendant's facility, located at 1100 Canterbury Road, Shakopee, Minnesota 55379.

10. On July 22, 2010, Defendant charged Plaintiff a Two and 50/100 Dollar ($2.50) fee to withdraw money from Defendant's ATM at 1100 Canterbury Road, Shakopee, Minnesota 55379.

11. Based on the observation of Plaintiff on July 22, 2010 there was no notice posted on or near Defendant's ATM that disclosed users would be charged any fee by Defendant's ATM located at 1100 Canterbury Road, Shakopee, Minnesota 55379.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action individually and as a class action for Defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* and Regulation E, 12 C.F.R. §205.1 *et seq.*, pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> *All persons who were charged a fee when using Defendants' ATM located at located at 1100 Canterbury Road, Shakopee, Minnesota without the presence of a posted warning of the fee on or near the ATM.*

13. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff, upon information and belief, believes the Class numbers in the hundreds, if not thousands.

14. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records. Defendant has exclusive control of this information.

15. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The questions include, but are not limited to:

    a. Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during the Class period that imposed a fee on consumers for providing host transfer services to those consumers;

    b. Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c); and

    c. The appropriate measure of damages sustained by Plaintiff and other members of the Class.

16. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories, including:

    a. Plaintiff and all putative Class members used an ATM operated by Defendant;

    b. Defendants failed to provide notices compliant with 15 U.S.C.§ 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative Class members; and

    c. Defendant illegally imposed a fee on Plaintiff and all putative Class members for their respective use of the ATM.

5

17. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this cause.

18. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

19. Defendant have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the Class as a whole.

20. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small. Management of the Class claims is likely to present

significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## TRIAL BY JURY

21. Plaintiff is entitled to, and hereby requests, a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### VIOLATION OF ELECTRONIC FUND TRANSFERS ACT & REGULATION E, U.S.C. §1693 *et seq.* & 12 C.F.R. §205.1 *et seq.*

22. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

23. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

24. Defendant was the operator of the ATM located at located 1100 Canterbury Road, Shakopee, Minnesota 55379 at all times relevant to this action.

25. Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative Class members.

26. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant, therefore, imposed a fee on Plaintiff and all putative Class members for their respective use of the ATM and in doing so violated of 15 U.S.C § 1693b and 12 C.F.R. § 205.16(b) and (e).

27. As a result of Defendant's violations of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), Defendant is liable to Plaintiff and all putative Class members for statutory damages pursuant to 15 U.S.C. § 1693m.

28. As a result of Defendant's violations of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), Plaintiff and all putative Class members are entitled to recover costs of suit and their reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of the Class, requests this Court enter judgment in his favor and against Defendant and award the following:

1. An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff as the representative of the class and the undersigned counsel to represent the Class;
2. Disgorgment of all revenue obtained by Defendant from electronic fund transfers obtained in violation of law during the class period;
3. Actual and statutory damages as set forth in the EFTA and Regulation E;
4. Attorneys' fees and costs of suit per 15 U.S.C. § 1693m; and
5. Such other relief as this Court may deem just and proper.

Dated this 10th day of October, 2011.

Respectfully submitted,

                        LANGEVIN / MCSWEENEY, LLC

                        By: s/David M. Langevin
                            David M. Langevin (329563)
                            Rhett A. McSweeney (269542)
                            2116 Second Avenue South
                            Minneapolis, MN 55404
                            612.746.4646

                        *Attorneys for Plaintiffs*